J-S80019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN VELASQUEZ | : | |
| | : | |
| Appellant | : | No. 2067 EDA 2017 |

Appeal from the PCRA Order May 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0418641-1974

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 24, 2019**

Benjamin Velasquez appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 1975, a jury convicted Appellant of first-degree murder, burglary, and robbery. The PCRA court summarized the facts underlying Appellant's convictions as follows:

> [O]n February 7, 1974, Appellant and a[n unidentified] female accomplice gained entrance to two homes in Philadelphia by subterfuge. At the second home, the owners Efrain and Francisca Irrazarry were present. After a brief conversation, the accomplice grabbed Ms. Irrazarry by the neck and put a knife to her throat. Appellant pointed a gun at Mr. Irrazarry, demanded money and shot him in the side. Appellant repeatedly demanded money. When the wounded Mr. Irrazarry did not respond quickly enough to satisfy Appellant, he put a gun behind . . . Mr. Irrazarry's ear and shot him execution style, causing the victim's death. The criminals then tied up and bound the female victim and ransacked

the home.  The sum total of their booty was $30 and two wedding rings.

PCRA Court Opinion, 6/28/18, at 1-2 (footnote omitted).  The foregoing events were described by Mrs. Irrazarry, who survived the break-in.

Appellant was sentenced to life in prison for murder, and to two consecutive terms of ten to twenty years imprisonment for burglary and robbery.  On June, 3, 1977, the Supreme Court of Pennsylvania affirmed the judgment of sentence.  *See Commonwealth v. Velasquez*, 373 A.2d 455 (Pa. 1977).  Appellant did not file a petition for writ of *certiorari* in the Supreme Court of the United States.

In 1986, Deborah Chavis, the unidentified accomplice to the break-in, turned herself into police and confessed her role in the crime.  She provided statements to police in 1986 and 1987, wherein she described a struggle with Mr. Irrazarry during which he was accidentally shot.  In those statements, Chavis indicated that she had the gun, suggesting that she was the shooter.  In 1988, Appellant, who was incarcerated, provided a statement to police wherein he confirmed that he had the gun when a struggle ensued with Mr. Irrazarry, and that the gun accidentally discharged into his stomach.  Appellant further stated that Chavis thereafter grabbed the gun, and that, when she did so, it discharged, hitting Mr. Irrazarry in the head.  In 1989, Chavis testified at her guilty plea hearing that the gun was in Appellant's hand when it went off.

Appellant sought collateral relief by petitions filed in 1977, 1983, 1993, 1996, 2008, and 2012, all of which were unsuccessful.[1] During the same time frame, Appellant filed several petitions for writ of *habeas corpus* in federal court, which were also denied. On May 18, 2015, Appellant filed the instant PCRA petition, his seventh. After complying with Pa.R.Crim.P. 907, the PCRA court denied the petition as untimely on May 19, 2017. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors claimed of on appeal.

Appellant raises the following issues for our review:

I.    Did the court below err by dismissing [Appellant's] PCRA petition as untimely despite his invocation of 42 Pa.C.S. § 9545(b)(1)(ii), based on previously unknown facts attested by alleged co-conspirator . . . Chavis, and despite his diligence in attempting to acquire the necessary documentation?

II.   Did the court below err by dismissing [Appellant's] PCRA petition as untimely despite his invocation of 42 Pa.C.S. § 9545(b)(1)(i) for governmental interference, due to the court system's and the Commonwealth's repeated failure, upon request and otherwise, to provide [Appellant] with . . . Chavis's testimony and statements?

III.  Since the PCRA court's timeliness analysis was in error, should the case be remanded for a decision on the merits?

---

[1] Appellant's petitions filed in 1977 and 1983 were filed pursuant to the then-applicable Post Conviction Hearing Act ("PCHA"), which was the predecessor to the PCRA. Additionally, certain of Appellant's filings were not styled as PCRA petitions, but were treated as such by the PCRA court. **See** 42 Pa.C.S. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

Appellant's brief at 3 (unnecessary capitalization omitted).

In reviewing the denial of a PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final on September 1, 1977, when the period of time to file an appeal with the Supreme Court of the United States expired. *See* U.S.Sup.Ct.Rule 22, effective July 1, 1970 to June 29, 1980; *see also* 42 Pa.C.S. § 9545(b)(3). Appellant's initial PCHA petition was denied in 1980; thus, Appellant did not qualify for the one-year tolling provision contained in the 1995 amendments to the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 218 (Pa. 1999) (providing that where a judgment of sentence becomes final on or before the effective date

- 4 -

of the amendments to the PCRA, a petition will be deemed timely if the petitioner's *first* petition is filed within one year of the effective date of the amendments). Appellant filed his seventh/current petition on May 18, 2015, almost thirty-eight years after his judgment of sentence became final; thus, it is patently untimely. ***See*** 42 Pa.C.S. § 9545(b)(1).

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1). The three narrow exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012); ***see also*** 42 Pa.C.S. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id***. § 9545(b)(2); ***see also Albrecht***, ***supra*** at 1094.

Appellant argues that he satisfied the timeliness exceptions for newly-discovered facts and interference by government officials. With respect to the newly-discovered facts exception,[2] he claims that the instant petition was filed within sixty days of April 1, 2015, the date on which his counsel obtained

---

[2] The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) could not have been ascertained by the exercise of due diligence. ***See Commonwealth. v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

- 5 -

Chavis's 1987 statement to police and her guilty plea colloquy, wherein she purportedly stated that Mr. Irrazarry's murder was the accidental result of a struggle with Appellant. Appellant concedes that he was aware of Chavis's statement as early as the summer of 2009, when a fellow prisoner, George Jones, told Appellant about Chavis's statement and guilty plea, and that he raised the issue in prior PCRA and *habeas corpus* petitions. Nevertheless, Appellant contends that, until his family provided him with funds in early 2015 to retain private counsel, who thereafter obtained the actual documents, he "had no way of successfully presenting the instant claim, because his information up to that point consisted of nothing beyond prison-house rumor and did not establish the true contents of . . . Chavis'[s] statements and testimony." Appellant's brief at 29, 31.

Appellant further argues that he satisfied the interference by government officials exception to the PCRA timeliness bar.[3] He asserts that there was direct governmental interference because "there was a consistent refusal by both the Commonwealth and the courts to which [his] pleadings were addressed to provide the requested [Chavis] statements and notes of

_____

[3] To establish the government-interference exception, a petitioner must allege and prove: "(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i).

testimony." Appellant's brief at 36-37. Appellant further claims that the Commonwealth's failure to disclose the Chavis documents constitutes "suppression of evidence within the meaning of **Brady**."[4] **Id**. at 37.[5] Appellant reasons that "until [he] was able to afford counsel to actually obtain the court records required, [he] was prevented, through governmental interference, from bringing his instant claims." **Id**. at 38.

The PCRA court determined that it lacked jurisdiction to address Appellant's claims because the instant petition and exhibits thereto established that he was aware of Chavis's statement in 1988, "[y]et, he did not obtain . . . Chavis's statement until it was 'discovered' by counsel in 2015." PCRA Court Opinion, 6/28/18, at 4. The PCRA court further reasoned that Appellant had failed to demonstrate that he acted with due diligence between 1988 and 2015, in order to avoid a bar of waiver to his petition. **Id**. at 5; **see also Commonwealth v. Stokes**, 959 A.2d 306, 309 (Pa. 2008) (noting that the due diligence requirement must be satisfied "in order to invoke either [the

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

[5] "Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). This Court previously determined that the Chavis documents were not **Brady** material because they did not become available until ten years after Appellant's trial. **Commonwealth v. Velasquez**, 22 A.3d 1055 (Pa.Super. 2010) (unpublished memorandum at 10 fn. 6).

unknown facts] exception [or the governmental interference exception] to the [PCRA's] timeliness provision").

Appellant concedes that knew of and was questioned regarding Chavis's statements in 1988; therefore, he could have discovered them, as well as the transcript of her guilty plea hearing, with reasonable diligence in 1988, at the latest. Further, given Appellant's 1988 statement to the police, wherein he described the struggle with Mr. Irrazarry, and claimed that the shooting was accidental, Chavis's statement appears to be a new source for a previously known fact, rather than a newly-discovered fact. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (holding that the focus of section 9545(b)(1)(ii) "is on the newly discovered facts, not on a newly discovered or newly willing source for *previously* known facts") (emphasis in original). Accordingly, we conclude that the PCRA court's determination that it lacked jurisdiction to address Appellant's claims due to his lack of due diligence is supported by the record.

Moreover, to be eligible for relief under the PCRA, the petition must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if it has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *See* 42 Pa.C.S. § 9545(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so . . . in a prior state postconviction proceeding." *Id*. § 9544(b).

Appellant's claims herein were raised in his fifth PCRA petition, filed in 2008. This Court affirmed the dismissal of that petition, noting

> Appellant alleges that he has discovered new evidence which acts to overcome the [PCRA's] time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Specifically, Appellant avers that his co-[conspirator], . . . Chavis, who testified on her own behalf during her trial, has told the [trial] court that the murder of Mr. Irrizarry [sic] was accidental, the result of a fight, thus being the reason why she was given a lesser sentence. Appellant claims that this statement by Chavis constitutes after discovered evidence, previously unknown to him despite due diligence on his part, because he only recently learned his co-[conspirator]'s real name and, therefore, was deprived of his right to have her testify on his behalf at trial. Appellant couches this argument in a claim that the Commonwealth failed to turn over his co-[conspirator]'s statement in violation of **_Brady_** . . ..[fn]
>
> _____
>
> [fn] . . . Appellant's **_Brady_** argument fails as the information Appellant claims was withheld from him did not become available until 10 years after his trial, specifically when . . . Chavis was found and tried in connection with her participation in the robbery assault upon Efrain and Francisca Irrazarry.
>
> . . . .
>
> Although Chavis's trial, at which she offered the aforementioned statement upon which Appellant's argument relies was conducted in 1987, Appellant claims he only recently discovered through a fellow inmate, George Jones, his co-[conspirator]'s full name and that she testified at trial that the murder was an accident. Appellant does not indicate, however, when Jones advised him of her name or purported testimony by Appellant's unknown co-[conspirator], or why, through the exercise of due diligence, Appellant was unable to obtain this information sooner. We are not convinced that Appellant was previously unaware of the identity of his co- [conspirator], nor do we find credible that such information was unavailable to Appellant for the more than 20 years since Chavis's trial. As such, we conclude the time bar exception [for newly-discovered facts] failed relative to both

Appellant's [issues relating to the alleged **Brady** violation and the Chavis documents].

**Commonwealth v. Velasquez**, 22 A.3d 1055 (Pa.Super. 2010) (unpublished memorandum at 9-11) (quotation marks and references to the record omitted).

As Appellant's newly-discovered fact argument regarding Chavis's statement was previously litigated in a prior post conviction proceeding addressing his fifth PCRA petition, **see id.**, he was not eligible for relief on that claim. **See** 42 Pa.C.S. § 9543(a)(3). With respect to his governmental interference claim premised upon the non-disclosure of the Chavis documents, Appellant raised the same claim in his fifth PCRA petition, albeit premised as a newly-discovered fact. To the extent that Appellant presents the same claim under a different exception (*i.e.*, the governmental interference exception), his claim is waived, as he "could have raised it but failed to do so . . . in a prior state postconviction proceeding." **Id**. at § 9544(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/19

- 10 -